UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

ROBERTO CUBA

 Plaintiff,

v.

WALMART INC.
d/b/a WALMART SUPERCENTER #1845

 Defendant,
_____/

## **COMPLAINT**

 Plaintiff, ROBERTO CUBA, by and through undersigned counsel, hereby sues Defendant WALMART INC., d/b/a WALMART SUPERCENTER # 1845, on the grounds set forth herein.

### INTRODUCTION

1. This is an action by Plaintiff ROBERTO CUBA, under 42 U.S.C. §1981 (Civil Rights Act of 1866), to redress the injury done to him by the Defendant's discriminatory treatment and retaliation based on his Race, Color, and Ethnicity (Hispanic).

### JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

3. This action is authorized and instituted pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

5. The venue of this action is properly placed in the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. §1391(b), since the unlawful alleged employment practices were committed in Broward County, Florida, within the jurisdiction of this Honorable Court.

## PARTIES

6. Plaintiff, ROBERTO CUBA (hereinafter ROBERTO CUBA or "Plaintiff"), is a Broward County, Florida resident employed by Defendant WALMART INC., d/b/a WALMART SUPERCENTER # 1845, and is a member of certain protected classes of persons because of his Hispanic Race and Color (White).

7. Defendant WALMART INC., d/b/a WALMART SUPERCENTER # 1845 (hereinafter WALMART SUPERCENTER # 1845, or "Defendant") is a Foreign Profit Corporation authorized to conduct business in the State of Florida, and within the jurisdiction of this Court.

8. Defendant WALMART #1845 was the "Employer" of Plaintiff within the meaning of Section 1981 of the Civil Rights Act of 1866 (Section 1981), as amended.

9. At all times relevant to this complaint, Plaintiff ROBERTO CUBA was employed by WALMART #1845, and the parties had a contractual relationship with each other.

## STATEMENT OF FACTS

10. Plaintiff ROBERTO CUBA is a 52-year-old White Hispanic male of Cuban national origin. Plaintiff is a resident of Broward County, Florida, who was employed by

Defendant. The Plaintiff is a member of certain protected classes of persons because of his Race and color, which include his Hispanic Ethnicity.

11. Defendant WALMART #1845 employed Plaintiff ROBERTO CUBA from approximately September 12, 2022, to February 15, 2023, or approximately 22 weeks.

12. Plaintiff was hired as a non-exempt, full-time, hourly employee, and he had duties as an "online order filling associate." Plaintiff had a wage rate of $14.25 an hour.

13. Throughout his employment with Defendant, Plaintiff performed his duties in an exemplary fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed his duties without significant issue or controversy.

14. However, during his employment with Defendant WALMART #1845, Plaintiff was subjected to unlawful acts of discrimination, such as harassment and a hostile work environment. He was further subjected to different terms and conditions of employment and, finally, retaliatory constructive discharge because of his Race, Color, and Ethnicity (Hispanic) and in retaliation for his complaints of unlawful discrimination.

15. The unlawful conduct described above would not have occurred but for, Plaintiff's Race and Color (White Hispanic).

16. Plaintiff began to experience unlawful discrimination from the beginning of his employment with WALMART #1845.

17. Plaintiff was informed by H.R. Elizabeth LNU that Manager Ebony Jean Louis (Black Haitian) did not want any more Hispanics working in the store.

18. Manager Ebony Jean Louis began to harass Plaintiff immediately. Plaintiff was subjected to racial discrimination by his manager and the Department staff, which was mostly composed of Black employees.

19. The manager, Ebony Jean Louis, and the Department staff members, who were all of the Black race and Color, did not accept Plaintiff because of his White Race, Color, and Hispanic Ethnicity and refused to consider the Plaintiff as their equal. These individuals harassed and bullied Plaintiff daily and systematically took actions in order to get Plaintiff fired.

20. After a few weeks on the job, Plaintiff's working conditions became unbearable, as he was subjected to a hostile work environment.

21. Plaintiff's co-workers at the Department, all Black race and color individuals, mistreated and discriminated against Plaintiff based on his White Hispanic Race and Color.

22. Plaintiff suffered disrespectful and abusive treatment at the hands of his Black co-workers. Manager Ebony Jean Louis allowed and endorsed this illegal conduct and pretended that nothing was happening.

23. Plaintiff was also subjected to different terms and conditions of employment on account of his Hispanic White Race and Color. Manager Ebony Jean Louis Deli, who was Black, treated Black employees better than Plaintiff because he was of the Hispanic Race and White Color.

24. Manager Ebony Jean Louis showed contempt towards Plaintiff because of his Race and Color. Defendant assigned more work to Plaintiff in comparison to similarly situated Black and White employees and assigned Plaintiff the toughest assignments daily.

25. Moreover, Manager Ebony Jean Louis harassed Plaintiff on a daily basis, disproportionately micromanaged his work, and criticized him, all in an attempt to get Plaintiff to resign or to be fired.

26. Given the constant harassment and hostile work environment, Plaintiff engaged in protected activity and complained to Human Resources about the discrimination he was being subjected to and the hostile work environment he had to endure daily at the hands of Manager Ebony Jean Louis. The management promised Plaintiff to investigate.

27. However, management failed to take any appropriate corrective action and, by its inaction, condoned the discriminatory behavior occurring in the workplace.

28. After Plaintiff complained about discrimination and harassment based on his Race, Color, and Ethnicity to HR, nothing positive happened for Plaintiff. On the contrary, he suffered increased retaliatory harassment.

29. Manager Ebony Jean Louis found out about Plaintiff's complaint and increased his harassment towards Plaintiff.

30. On or about November 21, 2022, Plaintiff was taken out from the employer payroll system. Mysteriously, "someone" maliciously removed Plaintiff from the system. Plaintiff was instructed to go to work and write down his hours so he could be paid. Clearly, Manager Ebony Jean Louis continued harassing Plaintiff and trying to get Plaintiff into trouble and cause his termination.

31. The frequent, severe, and offensive conduct of Manager Ebony Jean Louis created a hostile work environment for Plaintiff, in violation of 42 U.S.C. §1981.

32. Plaintiff felt harassed, unwelcome, uncomfortable, humiliated, and intimidated in his place of work. Plaintiff knew that Manager Ebony Jean Louis did not like him because of his White Race, Color, and Hispanic Ethnicity.

33. Plaintiff lived in anxiety and fear of losing his job. Every day he tried to do his best to avoid problems with the manager.

34. On or about December 11, 2022, Plaintiff was in the bathroom when a co-worker, Stephanie Massena (Haitian), walked in by mistake. She barely opened the door and shut it immediately. About 3 hours later, management, including manager Ebony Jean Louis, called Plaintiff to the office and accused him of sexual misconduct at the workplace.

35. Plaintiff denied any wrongdoing, but management stated that he had been reported by co-worker Stephanie Massena.

36. Because of this incident, Plaintiff suffered an adverse tangible employment action, and he was suspended from work, pending investigation.

37. On or about January 02, 2023, Plaintiff received a text message informing that he could return to work on January 04, 2023. Plaintiff assumed that he had been cleared of any misconduct.

38. On or about January 04, 2023, Plaintiff returned to work. Plaintiff ran into his co-worker Stephanie Massena, who had allegedly reported Plaintiff. Co-worker Stephanie Massena informed Plaintiff that she never reported anything wrong; what happened was that on the day of the incident, Manager Ebony Jean Louis was standing near the bathroom when she saw Stephanie Massena close the bathroom door fast, and she began questioning her.

39. Manager Ebony Jean Louis had made a false report and defamed Plaintiff in another attempt to get rid of him.

40. Upon his return, it was obvious that Manager Ebony Jean Louis was not afraid of Plaintiff's complaints concerning harassment and discrimination based on Race and Color, and she openly harassed Plaintiff.

41. Manager Ebony Jean Louis subjected Plaintiff to intense job scrutiny and surveillance looking for a reason to fire him or cause his voluntary resignation.

42. Manager Ebony Jean Louis abusing her power lowered Plaintiff's working hours. She began to change Plaintiff's schedule every week. Then she gave Plaintiff different schedules and different hours every day. The manager followed Plaintiff all over the store every time Plaintiff worked and humiliated Plaintiff in front of his co-workers whenever she could.

43. Plaintiff could not stand such discrimination and harassment and on or about the first week of February 2023, Plaintiff engaged in statutorily protected activity again by complaining to management about the discriminatory work environment and harassment he was suffering.

44. Nevertheless, once again, Defendant refused to take any corrective action and refused to address Plaintiff's complaints of workplace discrimination, and nothing happened.

45. On or about February 15, 2023, Plaintiff was forced to resign from his position. He could not continue suffering such discrimination and harassment due to his Hispanic Race and Color.

46. Therefore, on or about February 15, 2023, Plaintiff was constructively discharged by Defendant. Plaintiff's working conditions were so intolerable that any reasonable person would have felt compelled to resign.

47. Thus, on February 15, 2023, Defendant unlawfully constructively terminated Plaintiff in retaliation for his complaints of discrimination, in violation of 42 U.S.C. §1981.

48. Additionally, the frequent, severe, and offensive conduct of Defendant created a hostile work environment for Plaintiff, in violation of 42 U.S.C. §1981.

49. Plaintiff would not have been constructively discharged but for his Hispanic Race and Color (White).

50. On February 15, 2023, Plaintiff was constructively discharged by Defendant, and his civil rights were violated. Plaintiff's discharge was directly and proximately caused by Defendant's unjustified discrimination, harassment, and retaliation and on account of Plaintiff's Race and Color, in violation of both Federal and State Laws.

51. There is a proximity between Plaintiff's last protected activity and the adverse employment action.

52. Defendant intentionally discriminated against Plaintiff based on his Race and Color and willfully interfered with Plaintiff's constitutional right to make and enforce contracts, to sue, to be parties, to give evidence, and to be free from racially-based discrimination while bargaining, negotiating, or entering into a contract, including the enjoyment of all benefits, privileges terms and conditions of the contractual relationship of his employment at WALMART #1845.

53. Defendant's constructive termination of Plaintiff was in direct violation of 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended (Section 1981), and as a direct result, Plaintiff has been damaged.

54. Defendant WALMART #1845 is subjected to vicarious liability for the actions of its workers and management because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination and harassment were occurring.

55. But for Plaintiff's Hispanic Race and Color (White), Plaintiff would not have suffered the loss of legally protected rights.

56. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

**COUNT I:**
**VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. SECTION 1981, DISCRIMINATION BASED ON RACE AND COLOR AGAINST DEFENDANT WALMART #1845**

57. PlaintiffROBERTO CUBA re-adopts every factual allegation stated in paragraphs 1-56 above as if set out in full herein.

58. This is an action against WALMART #1845 for unlawful discrimination pursuant to 42 U.S.C., Section 1981.

59. At all times, material hereto Defendant WALMART #1845 was the "employer" of Plaintiff, within the meaning of Section 42 U.S.C. §1981.

60. At all times material hereto, Plaintiff ROBERTO CUBA was an "employee" and had a contractual relationship with Defendant WALMART #1845 within the meaning of 42 U.S.C. §1981.

61. Plaintiff ROBERTO CUBA had and continues to have a federally protected

constitutional right to make and enforce contracts, sue, be parties, give evidence, and be free from racially based discrimination while bargaining, negotiating, or entering into a contract, including the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship of his employment at WALMART #1845.

62. Defendant WALMART #1845 intentionally engaged in unlawful employment practices and discrimination, in violation of 42 U.S.C. § 1981, by treating Plaintiff differently from similarly situated employees because of his Hispanic Race and Color.

63. Defendant subjected Plaintiff ROBERTO CUBA to different adverse employment actions, including but not limited to the following acts and omissions: harassment, hostile work environment, different terms and conditions of employment, and wrongful termination.

64. The effects of the practices referenced above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his Hispanic Race and Color.

65. As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under 42 U.S.C. § 1981, by treating him differently from similarly situated employees and subjecting Plaintiff to racial harassment because of his Race and Color, Plaintiff has suffered damages. His damages include back pay, front pay, loss of benefits, future pecuniary loss, inconvenience, emotional pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

66. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages because of Defendant's discriminatory practices unless and until this Court grants relief.

67. The actions of Defendant WALMART #1845 and/or agents were willful, wanton, intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for their actions and to deter it, and others, from such actions in the future.

68. But for Plaintiff's Hispanic Race and Color (White), Plaintiff would not have suffered the loss of legally protected rights.

69. Plaintiff ROBERTO CUBA has retained the undersigned counsel to prosecute his claims, and he is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROBERTO CUBA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff ROBERTO CUBA and against Defendant WALMART #1845 based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages, including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing, including attorney's fees; and

E. Grant such other and further equitable relief as this Court deems equitable and just and/or available pursuant to Federal Law, including punitive damages.

## JURY TRIAL DEMAND

Plaintiff ROBERTO CUBA demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## RETALIATION, IN VIOLATION OF THE CIVIL RIGHTS OF 1866, 42 U.S.C., SECTION 1981 AGAINST DEFENDANT WALMART #1845

70. PlaintiffROBERTO CUBA re-adopts every factual allegation stated in paragraphs 1-56 of this complaint as if set out in full herein.

71. Plaintiff ROBERTO CUBA and Defendant WALMART #1845 had a contractual relationship.

72. Defendant WALMART #1845 precluded Plaintiff from performing the stated contractual relationship when Defendant constructively discharged Plaintiff.

73. Defendant constructively terminated Plaintiff's contractual relationship in retaliation for Plaintiff's opposition to unlawful employment practices based on Race and Color, as more particularly described above.

74. Plaintiff was unable to enjoy all the benefits, privileges, terms, and conditions of their contractual relationship.

75. The actions of Defendant WALMART #1845 and/or agents were willful, wanton, intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages according to federal law, to punish the Defendant for its actions and to deter it, and others, from such actions in the future.

76. But for Plaintiff's Hispanic Race and Color, Plaintiff would not have suffered the loss of legally protected rights.

77. Plaintiff engaged in statutorily protected activity by complaining about unlawful discrimination at work.

78. Plaintiff was fired and suffered adverse employment action in retaliation for his complaints of unlawful discrimination.

79. The reason Plaintiff was constructively fired was his complaint of unlawful discrimination in the workplace.

80. There is temporal proximity between Plaintiff's protected activity and the adverse employment actions.

81. As a result of Defendant's unlawful conduct, Plaintiff has been damaged.

82. The Plaintiff has retained the undersigned counsel to prosecute his claims and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROBERTO CUBA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff ROBERTO CUBA and against Defendant WALMART #1845 based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages, including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing, including attorney's fees; and

E.  Grant such other and further equitable relief as this Court deems equitable and just and/or available pursuant to Federal Law, including punitive damages.

<u>JURY TRIAL DEMAND</u>

Plaintiff ROBERTO CUBA demands trial by a jury of all issues triable as of right by a jury.

Date: June 30, 2024

Respectfully submitted,

By: /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500, Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*